UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAYTON DIAZ                                                CIVIL ACTION

VERSUS                                                      NO. 07-2805

SUPERIOR ENERGY                                             MAGISTRATE JUDGE
SERVICES, LLC                                               JOSEPH C. WILKINSON, JR.

### ORDER ON MOTION

Plaintiff, Clayton Diaz, filed a Motion for Forma Pauperous [sic] Status. Record Doc. No. 120. Because he does not state any specific reason for the motion, it is unclear why he seeks in forma pauperis status at this time. However, because Diaz is proceeding pro se, the court construes his motion broadly. Perez v. United States, 312 F.3d 191, 195-96 (5th Cir. 2002). For the following reasons, **IT IS ORDERED** that the motion is **DISMISSED AS MOOT IN PART AND DENIED IN PART**, as follows.

First, if plaintiff seeks in forma pauperis status in order to prosecute his case in this court, that status was already granted, Record Doc. No. 26, and his motion is dismissed as moot in that respect.

Second, if Diaz seeks such status in order to avoid paying the costs assessed against him in the court's final judgment, the motion is denied. It is well established that "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." McGill v. Faulkner, 18 F.3d 456, 458 (7th Cir. 1994) (citing

Weaver v. Toombs, 948 F.2d 1004 (6th Cir. 1991)); accord Cherry v. Champion Int'l Corp., 186 F.3d 442, 447-48 (4th Cir. 1999).

The applicable statute provides that, "in a case in which a plaintiff is proceeding in forma pauperis, '[j]udgment may be rendered for costs at the conclusion of the suit or action as in other cases[.]'" McQueen v. Evans, No. 95-50474, 1995 WL 17797616, at *7 (5th Cir. Oct. 11, 1995) (quoting former 28 U.S.C. § 1915(e), now § 1915(f)(1)[1]) (citing Freeze v. Griffith, 849 F.2d 172, 176 (5th Cir. 1988); Lay v. Anderson, 837 F.2d 231, 232 (5th Cir. 1988)).

> The plaintiff's indigency does not prevent the taxation of costs against him. The statute that permits an indigent party to proceed in forma pauperis merely provides that such a person may commence a suit "without prepayment of fees and costs." The statute clearly provides for awarding "costs at the conclusion of the suit or action as in other cases." Adopting this reading of § 1915, several courts of appeals have approved the taxation of costs against indigent civil rights plaintiffs.

Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989) (quoting former 28 U.S.C. §§ 1915(a) and (e), now §§ 1915(a)(1) and (f)(1), respectively) (citing Lay, 837 F.2d at 232-33; Harris v. Forsyth, 742 F.2d 1277, 1278 (11th Cir. 1984); Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981)). Therefore, Diaz's motion is denied to the extent it may seek to avoid payment of the costs assessed in the judgment.

---

[1] Section 1915(f)(1) now uses the word "proceedings" in place of the word "cases" in the quoted language from former section 1915(e).

Finally, if Diaz is seeking in forma pauperis status in order to prosecute his appeal to the Fifth Circuit, the motion is denied.  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "The court's inquiry into whether the appeal is taken in good faith 'is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous).'"  Nunez v. Hunt, 274 Fed. Appx. 344, 2008 WL 1745180, at *1 (5th Cir. Apr. 15, 2008) (quoting Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983)).

I hereby certify that plaintiff's appeal is frivolous and not taken in good faith.  I granted defendant's motion for summary judgment on all of plaintiff's claims and entered judgment accordingly.  Record Doc. Nos. 117, 118.  The evidentiary record was fully developed and the issues were fully briefed on summary judgment.  After construing the sole factual controversy in the light most favorable to Diaz, I found that he had produced no evidence that raised a genuine issue of material fact as to any element of his multitude of claims.  Therefore, even after having been provided with a full opportunity and ample time to develop his case, plaintiff's factual contentions lacked evidentiary support, Fed. R. Civ. P. 11(b)(3), and his "case [was] without factual or legal foundation."  Nunez, 2008 WL 1745180, at *1.

In the instant motion for in forma pauperis status, Diaz has presented no argument to challenge the foregoing findings. Because his "appeal is without arguable merit," id., the motion for leave to proceed in forma pauperis on appeal is denied.

New Orleans, Louisiana, this  15th   day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE